# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZSCAQULINE C. MASERANG,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 16-cv-2098-BAS-MDD<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION IN ITS ENTIRETY AND**<br><br>**(2) REMANDING THE CASE TO THE ADMINISTRATIVE LAW JUDGE FOR FURTHER PROCEEDINGS** |

On August 18, 2016, Plaintiff Zscaquline C. Maserang filed a complaint under Section 405(g) of the Social Security Act, requesting judicial review of Social Security Administration's final decision denying her application for disability benefits. (ECF No. 1.)[1] The Court referred this matter to United States Magistrate Judge Mitchell D. Dembin. Plaintiff moved for summary judgment and Defendant

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. She is therefore substituted as Defendant in this suit for former Acting Commissioner Carolyn W. Colvin. *See* Fed. R. Civ. P. 25(d); 20 C.F.R. § 422.210(d) (stating that where an action for judicial review of a final decision by the Commissioner is instituted "the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

cross moved. (ECF Nos. 16, 19). On August 29, 2017, Judge Dembin issued a Report and Recommendation ("Report" or "R&R") on Plaintiff's motion for summary judgment and Defendant's cross-motion. Judge Dembin recommended that this Court remand the case to the Administrative Law Judge ("ALJ") for further proceedings due to legal error in the ALJ's decision. (ECF No. 21 at 15:27−16:2.) The time for filing objections to the R&R expired on September 12, 2017. (*Id.* 16:6−8). Both parties are represented by counsel, but to date, neither party has filed any objections.

I.  ANALYSIS

The Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "The statute makes it clear," however, "that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. This legal rule is well-established in the Ninth Circuit and this district. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a[n] R & R is only required when an objection is made to the R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

In this case, the deadline for filing objections was September 12, 2017. (ECF

No. 21 at 16:6−8.) However, no objections have been filed, and neither party has requested additional time to do so. Consequently, the Court may adopt the R&R on that basis alone. *See Reyna-Tapia*, 328 F.3d at 1121.

Nonetheless, having conducted a *de novo* review of the parties' cross-motions for summary judgment and the magistrate judge's R&R, the Court concludes that Judge Dembin's reasoning is sound. The R&R is thorough, well-reasoned, and correctly concludes that the ALJ erroneously applied the presumption of nondisability in deciding Plaintiff's present application for Social Security benefits. Therefore, the Court hereby approves and **ADOPTS IN ITS ENTIRETY** the R&R. *See* 28 U.S.C. § 636(b)(1).

## II. CONCLUSION & ORDER

Having reviewed the R&R and there being no objections, the Court **ADOPTS IN ITS ENTIRETY** the R&R (ECF No. 21) and **REMANDS** the case to the ALJ for proceedings consistent with this order. The ALJ is instructed not to apply the principle of the res judicata presumption of continuing nondisability to resolve Plaintiff's present application for Social Security disability benefits.

**IT IS SO ORDERED.**

DATED: September 20, 2017

Hon. Cynthia Bashant
United States District Judge